**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AUGUSTO MEGLIO, individually and as father and next friend of MASON MEGLIO, a minor ) ) ) ) ) | |
| Plaintiffs, ) | Case No.: 20 CV 06376 |
| ) | |
| vs. ) ) | Removed from State Court Circuit Court No. 2019 L 014196 |
| ABDUL BASHEER, individually and UBER TECHNOLOGIES, INC., a foreign Corporation and RAISER, LLC, a limited liability company, ) ) ) ) ) | |
| Defendants. | |

**NOTICE OF REMOVAL**
**TO THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

PLEASE TAKE NOTICE, Defendant, ABDUL BASHEER, pursuant to 28 U.S.C.§§ 1332, 1441, and 1446, hereby removes this civil action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant BASHEER states as follows:

**I.**
**INTRODUCTION**

1. On December 21, 2019, Augusto Meglio, individually and as father and next friend of Mason Meglio, ("Plaintiffs"), filed an action in the Circuit Court of Cook County, Illinois, styled *.Augusto Meglio, individually and as father and next friend of Mason Meglio, a minor, vs. Abdul Basheer, individually and Uber Technologies, Inc., a foreign Corporation and Rasier, LLC, a*

*limited Liability Company,* No. 19 L 014196. *See* Plaintiff's Complaint attached hereto as Exhibit "A."

2. Therein, Plaintiffs allege personal injury and property damage claims arising out of an alleged motor vehicle collision that occurred on December 24, 2017, in Du Page County, Illinois. *See* Ex A ¶¶ 5,6, 13. Specifically, the Complaint alleges that Plaintiff Augusto Meglio, and his passenger Mason Meglio, were travelling Southbound on Main Street, when a vehicle driven by Defendant Basheer failed to stop at a stop sign, and collided into Plaintiff's vehicle. *See* Ex A ¶¶ 10-13. Upon these general facts, Plaintiffs have brought forth actions against Defendant Basheer for common law negligence and statutory claims, in Counts I, II and II; and have further brought forth common law negligence and statutory claims against Defendants Uber and Rasier in Counts IV, V, VI, VII, VIII, IX.

3. Defendants Uber and Rasier respectively filed their Answers to Plaintiffs' Complaint at law on February 28, 2020. *See* Defendant Uber's Answer to Plaintiff's Complaint attached hereto as Exhibit "B"; *see also* Defendant Rasier's Answer to Plaintiff's Complaint attached hereto as Exhibit "C".

4. At the time of Plaintiffs' commencement and filing of this lawsuit, Defendant Basheer was domiciled in the State of Virginia, and has been domiciled within the State of Virginia since that time.

5. The Circuit Court of Cook County issued an alias summons on October 1, 2020, directing the Sheriff to serve Defendant Basheer at his residence, located at 21065 Calhoun Corners Terrace, Apt. 301, Ashburn, VA, 20147. *See* alias summons attached hereto as Exhibit "D".

6. On October 14, 2020, the Loudoun County Sheriff's Office served Defendant Basheer with legal process at his residence in the State of Virginia. *See* affidavit of service from the Loudoun County Sheriff's Office, along with a copy of the summons and complaint served upon Defendant Basheer, attached hereto as Exhibit "E".

7. As will be discussed in greater detail in Sections II and III *infra*, removal and federal jurisdiction is proper pursuant to 28 U.S.C. § 1441. Specifically, there is complete diversity of citizenship between Plaintiffs and all Defendants; the amount in controversy exceeds $75,000.00, exclusively of interest and costs; and Defendant Basheer is filing the instant Notice of Removal within thirty (30) days of being served with process on October 14, 2020.

## II.
## THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

8. A Defendant may remove to federal court, any state action brought in a state court for which the District Courts of the United States have original jurisdiction. *See* 28 U.S.C. § 1441(a). As will be discussed below, this Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship and an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

**A.     Complete Diversity of Citizenship exists**

9. Plaintiffs, Augusto Meglio, individually and as father and next friend of Mason Meglio, upon information and belief, at all relevant times have been residents of, and domiciled in the State of Illinois. *See* Exhibit A (Plaintiff's Complaint), at ¶1. Accordingly, Plaintiffs are Citizens of Illinois.

10. As noted in Section I *supra*, Defendant Abdul Basheer is domiciled in the State of Virginia.

11. Defendant Uber Technologies, Inc. is a Delaware corporation with its principal place of business being 1455 Market Street, 4th Floor, San Francisco, California, 94103. Accordingly, Uber is a Citizen of California and Delaware for diversity purposes. *See 28* U.S.C. § 1332(c)(l).

12. Defendant Rasier, LLC is a wholly owned subsidiary of Uber Technologies, Inc. Rasier, LLC is a limited liability company organized under the laws of the State of Delaware. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark; LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Rasier, LLC's sole member is Uber Technologies, Inc. As stated in paragraph 14 above, Uber Technologies, Inc, is a Delaware corporation with its principal place of business being 455 Market Street, 4th Floor, San Francisco, California, 94103.

13. Accordingly, Rasier, LLC is a Citizen of California and Delaware for diversity purposes. *See* 28 U.S.C. § 1332(c)(l).

14. Thus, there is complete diversity of citizenship among the parties.

**B.** **The Amount in Controversy Exceeds $75,000.00**

15. The Party asserting federal jurisdiction has the burden to show that jurisdiction is proper. *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012).

16. As for the damages alleged in Count I, Plaintiffs allege that each "suffered injuries and damages of a personal and pecuniary nature, including bodily injury, pain and suffering, and physical and mental trauma. They have suffered, and will in the future continue to suffer, great physical and emotional pain, discomfort, impairment and disability, all of which injuries are permanent. The Plaintiffs have been prevented from attending to their ordinary affairs and duties,

have lost income, benefits, and other pecuniary gains, and has become liable for certain sums of money and medical care and attention." (Ex. A, Count I, ¶ 20)

17. In Count II, Plaintiff Augusto seeks property damages from the accident, and specifically alleges that the vehicle owned and operated by Plaintiff, "sustained extensive damage, and was unrepairable, and the Plaintiff was forced to incur the expense of purchasing another vehicle and the cost and expense for the rental of similar property for the time required to replace his damaged property." *See* Exhibit A Count II, ¶ 22.

18. Lastly, in Count III, Plaintiff Augusto Meglio as the father and next friend of Mason Meglio, ostensibly seeks compensation for Mason's medical treatment and care expenses, due to Mason's alleged injuries. *See* Exhibit A Count III, ¶¶ 25-6.

19. While Plaintiffs do not specify in their pleading the precise amount of damages sought, each count requests damages sufficient to meet the jurisdictional limits of the Circuit Court of Cook County's Law Division, and further seeks additional amounts as the Court and jury deem just and proper, together with the costs of the lawsuit. *See* Exhibit A, prayer for damages in Count I, II, III; *see also* General Order 1.2, 2.1 (a) of the Circuit Cook of Cook County, available at http://www.cookcountycourt.org/Manage/Division-Orders/View-Division-Order/ArticleId/188/GENERAL-ORDER-NO-1-2-2-1-County-Department, last visited on November 11, 2020.

20. In sum, Count I seeks damages for pain and suffering, mental and physical injuries, lost wages, as well as permanency, loss of normal life, and medical damages. Count II seeks property damage for Plaintiff's motor vehicle. Count III seeks to recover compensation for the medical expenses incurred to treat Plaintiff Augusto Meglio's minor son, Mason Meglio. Thus, Plaintiffs litany of damages which include long term disability and suffering, property damage,

and loss of normal life, clearly demonstrate an amount in excess of $75,000. *See generally Walton v. Bayer Corp.,* 643 F.3d 994, 998 (7th Cir. 2011)(finding federal jurisdiction based on litany of injuries plaintiff claimed to have sustained).

21.    In addition to the litany of damages noted above, Plaintiff has not filed a binding stipulation to a cap any recovery in excess of $75,000. *Oshana V. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006); *see* 2014 U.S. Dist. LEXIS at *7 (N.D.Ill Case No. 13 c 7279, April 30, 2014)(Grady, John F.)(attached hereto as Exhibit F).

22.    Moreover, Plaintiff's pre-suit correspondence dated December 17, 2019, establishes that the amount in controversy far exceeds the $75,000 limit.[1]  *See generally Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012)(finding that settlement negotiations are admissible "to show the stakes" when determining the amount of controversy).

23.    Thus, for the reasons stated above, the controversy requirement of Section 1442 is clearly established.

### III.
### THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

24.    Section 1446(b) permits a Defendant to remove an action provided notice of removal is filed within thirty (30) days of service upon the Defendant seeking removal. *See* 28 U.S.C. § 1446(b).

25.    Here, Defendant Basheer filed his notice of removal within (30) days of service by the Loudoun County Sheriff's Office. *See* Section I, ¶8; Exhibit F.  Thus, Defendant's petition for removal is timely filed.

---

[1] A copy of this correspondence can be made available to the Court upon request.

26. Pursuant to 28 U.S.C. § 1446(a), copies of Defendant Basheer's summons, the affidavit of service, Plaintiffs' Complaint, and Defendants Uber and Rasier's Answers received to date are attached hereto as Exhibits A-D, F.

27. This Court is the proper federal forum, as it is presides within the locality where the state court action is pending, and no previous petition for removal has been filed by Defendant Basheer. *See* 28 U.S.C. § 1441(a).

28. All Defendants have consented to the removal.

29. Promptly after filing this Notice of Removal in federal court, Defendant Basheer will file a copy of the notice with the Clerk of the Circuit Court of Cook County Pursuant to 28 U.S.C. § 1446(d), and provide notice to Plaintiffs' legal counsel, and Counsel for Defendants Uber & Rasier pursuant to law.

30. If any question arises regarding the propriety of the removal of this action, Defendant Basheer respectfully requests the opportunity to present a brief, supplemental record, and oral argument in further support of removal.

## IV.
## CONCLUSION

**WHEREFORE** the Defendant, Abdul Basheer, by this notice hereby removes this civil action now pending in the Circuit Court of Cook County, Illinois, captioned *Augusto Meglio, individually and as father and next friend of Mason Meglio, a minor, vs. Abdul Basheer, individually and Uber Technologies, Inc., a foreign Corporation and Rasier, LLC, a limited Liability Company,* No. 19 L 014196, to this United States District Court for the Northern District of Illinois, and request that this Court retain jurisdiction for all further proceedings.

    Respectfully submitted,
    ABDUL BASHEER

    */s Michael Pasquinelli*
    Michael J. A. Pasquinelli

Michael J. A. Pasquinelli (#6282045)
**FRANCO & MORONEY LLC**
500 West Madison Street
Suite 2440
Chicago, Illinois 60661
(312) 469-1000
christopher.bueink@francomoroney.com
michael.pasquinelli@francomoroney.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that he caused a copy of the attached Notice of Removal to be served upon the parties below in the manner so indicated.

                            */s Michael Pasquinelli*
                            Michael J. A. Pasquinelli

Clerk of the Circuit Court of Cook County, Law Division
Richard J. Daley Center Chicago, Illinois 60602
(State Electronic Filing System)

Kevin Casey, Esq.
Counsel for Defendants Uber & Rasier
Peterson, Johnson & Murray-Chicago, LL
200 West Adams, Suite 2125
Chicago, Illinois 60606
312-724-8044
312-896-9318 – fax
kcasey@pjmchicago.com
(via e-mail delivery)

Peter A. Cantwell, Esq.
Plaintiffs' Counsel
CANTWELL & CANTWELL
30 N. LaSalle Street, Suite 2850
Chicago, IL 60602
312-372-3000
peter@cc-legal.com
(via e-mail delivery)