# EXHIBIT A

Attorney No. 91775

FILED
12/23/2019 4:24 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019L014196

7840732

FILED DATE: 12/23/2019 4:24 PM 2019L014196

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| AUGUSTO MEGLIO, individually, and as father and next friend of MASON MEGLIO, a minor<br><br>  Plaintiffs,<br><br>  vs.<br><br>ABDUL BASHEER, individually and UBER TECHNOLOGIES, INC., a foreign Corporation and RASIER, LLC, a limited liability company,<br><br>  Defendants. | Case No. 2019L014196<br><br>**PLAINTIFFS DEMAND TRIAL BY JURY OF 12** |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, AUGUSTO MEGLIO ("Augusto"), individually and MASON MEGLIO ("Mason"), a minor by and through their attorneys, CANTWELL & CANTWELL, and for their Complaint against the Defendants, ABDUL BASHEER ("Basheer"), individually and UBER TECHNOLOGIES, INC. (UBER), and RASIER, LLC ("Rasier"), a limited liability company, state as follows:

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

1. At all relevant times, the Plaintiffs, were residents of Lombard, DuPage County, Illinois.

2. At all relevant times, the Defendant, Basheer, was a resident of Glen Ellyn, DuPage County, Illinois.

3. At all relevant times, Defendant UBER was a transportation network company involved in the ride-sharing industry throughout Illinois, including DuPage County.

4. At all relevant times, the Defendant, Rasier was a wholly-owned subsidiary of

UBER and was responsible for conducting background investigations and licensing approval for persons using the UBER driver application platform.

5. At all relevant times, the intersection (the "Intersection") of Main Street and Sunset Avenue was a public roadway, in which Main Street ran in a general north and south direction, while Sunset Avenue ran in a general east and west direction, and generally perpendicular to Main Street, County of DuPage, and State of Illinois.

6. On December 24, 2017, at or around 7:00 p.m., Augusto was driving a 2011 Hyundai Sonata, with due care for his own safety, the safety of his son, Mason, who was a passenger in the vehicle, and the safety of others, traveling southbound on Main Street in an appropriate and legal manner.

7. At all times relevant, Augusto and his son, Mason were wearing their seatbelts.

8. At all relevant times, Augusto was the legal owner of the Hyundai Sonata.

9. In the moments just prior to 7:00 p.m., Augusto was traveling north on Main Street, heading toward Sunset Avenue, and generally located to the east of the Intersection in which the collision occurred.

10 As he traveled towards the Intersection, Augusto noticed that he did not have a stop sign, but did notice that there was a stop sign at Sunset Avenue going eastbound. Augusto proceeded southbound on Main Street, towards the Intersection, observing the speed limit and maintaining his lane position.

11. As Augusto's car approached the Intersection, Augusto observed the traffic around him and continued to maintain his speed and lane position. Augusto entered the Intersection with due care for his own safety, the safety of his son, Mason, who was a passenger in the vehicle and the safety of others.

12. As Augusto's vehicle proceeded southbound through the Intersection into a

FILED DATE: 12/23/2019 4:24 PM 2019L014196

position corresponding to, and approximately perpendicular with the eastbound traffic, he collided, without any warning with the vehicle driven by Defendant Basheer.

13. Despite the position of Augusto's car in the Intersection, and the fact that Basheer had a stop sign prohibiting Basheer from entering the Intersection, Basheer nevertheless unsafely and illegally entered the Intersection and proceeded through the Intersection occupied by Augusto, all in violation of Illinois statute. As a result of Basheer failing to stop at the stop sign in front of him, he caused both cars to violently collide and leaving Augusto's vehicle unrepairable.

14. Basheer's attempt to proceed through the Intersection, without stopping at the stop sign is in violation of Illinois statute, was illegal, unreasonable, and without regard for the safety of others.

15. As a result of the collision, both Augusto and his son, Mason suffered personal injuries, and Augusto's physical injuries were significant and life-changing, and Augusto's car sustained so much damage that the car was unrepairable.

16. At all relevant times thereto, Defendants each independently owed a duty of ordinary care to other motorists, including Plaintiffs.

17. At all relevant times, there was in effect an Illinois statute, codified at 625 ILCS 5/11-1204(b), requiring a driver at an intersection with a stop sign to "stop at a clearly marked stop line, but if none, then at the point nearest the intersection roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection, and remain standing until the traffic in the intersection has completely proceeded and it is safe to drive through the intersection."

## COUNT I – NEGLIGENCE (ABDUL BASHEER)

18. Plaintiffs restate and reallege Paragraphs 1 through 17 as though fully set forth herein.

3

FILED DATE: 12/23/2019 4:24 PM   2019L014196

19. Defendant Basheer, breached his duty of care to the Plaintiffs by engaging in one or more of the following negligent acts and/or omissions:

a. Operated, managed and controlled a motor vehicle in an unsafe and negligent manner, so that as a direct and proximate result thereof, the motor vehicle was caused to and did collide with the motor vehicle then and there being operated by Plaintiff;

b. Operated, managed, maintained, and controlled said motor vehicle so that as a direct and proximate cause, the Plaintiffs were injured;

c. Failed to keep a proper lookout with regard to traffic conditions and use of the roadway;

d. Failed to retain sufficient and proper control over the operation of said motor vehicle;

e. Failed to stop at a stop intersection as indicated by a stop sign, contrary to and in violation of 625 ILCS 5/11-904;

f. Failed to decrease the speed of said vehicle so as to avoid colliding with another vehicle, contrary to and in violation of 625 ILCS 5/11-601;

g. Failed to yield the right of way to oncoming traffic, contrary to and in violation of 625 ILCS 5/11-902;

h. Failed to have said motor vehicle equipped with proper and sufficient brakes, contrary to and in violation of 625 ILCS 5/12-301 or, in the alternative, if such brakes were adequate, failed to apply the brakes in a proper manner so as to avoid the collision in question;

i. Operated, managed and controlled a motor vehicle in an unsafe and negligent manner, so that as a direct and proximate result thereof, the motor vehicle was caused to and did collide with the motor vehicle then and there being operated by Plaintiff;

j. Failed to retain sufficient and proper control over the operation of said motor vehicle;

k. Improperly entering the Intersection of Main Street and Sunset Avenue, in the eastbound direction from Main Street, against a stop sign;

l. Failing to come to a complete stop prior to entering the intersection when a stop sign was exhibited, and further failing to refrain from proceeding through the intersection in violation of 625 ILCS 5/11-1205(b);

4

m. Proceeding at a rate of speed that was greater than was reasonable and proper with regard to traffic conditions, so as to endanger the safety of the persons and property of others contrary to and in violation of 625 ILCS 5/11-601(a);

n. Otherwise operating his car in a negligent, careless, or reckless manner.

20. As a direct and proximate cause of one or more of said wrongful acts or omissions of the Defendant, Basheer, the Plaintiffs, suffered injuries and damages of a personal and pecuniary nature, including bodily injury, pain and suffering, and physical and mental trauma. They have suffered, and will in the future continue to suffer, great physical and emotional pain, discomfort, impairment and disability, all of which injuries are permanent. The Plaintiffs have been prevented from attending to their ordinary affairs and duties, have lost income, benefits, and other pecuniary gains, and has become liable for certain sums of money for medical care and attention.

WHEREFORE the Plaintiffs, AUGUSTO MEGLIO, individually and as father and next friend of MASON MEGLIO, a minor, pray for judgment against the Defendant, ABDUL BASHEER, in a dollar amount sufficient to meet the jurisdictional requirements of this Court, and to be proven at trial, and such additional amounts as the Court and the jury shall deem proper, together with the costs of this lawsuit.

## COUNT II – PROPERTY DAMAGE (BASHEER)

21. Plaintiffs restate and re-allege Paragraphs 1 through 20 as though fully set forth herein.

22. As a result of the accident, the vehicle owned and operated by the Plaintiff, sustained extensive damage, and was unrepairable, and the Plaintiff was forced to incur the expense of purchasing another vehicle and the cost and expense for the rental of similar property for the time required to replace his damaged property.

23. In addition, Plaintiff, Augusto had just recently spent money on his vehicle.

WHEREFORE the Plaintiff, AUGUSTO MEGLIO, individually and as father and next friend of MASON MEGLIO, a minor, pray for judgment against the Defendant, ABDUL BASHEER, in a dollar amount sufficient to meet the jurisdictional requirements of this Court, and to be proven at trial, and such additional amounts as the Court and the jury shall deem proper, together with the costs of this lawsuit.

### COUNT III – FAMILY EXPENSE ACT (BASHEER)

24. Plaintiff restates and re-alleges Paragraphs 1 through 23 as though fully set forth herein.

25. At all times relevant, there was in effect an Illinois statute commonly known as the Family Expense Act, codified at 750 ILCS 65/15, wherein the expenses of the family shall be chargeable upon both mother and father, and either of them, in favor of creditors.

26. Pursuant to the provisions of the Family Expense Act, Augusto, as the father and next friend of MASON, is liable for the medical care and treatment provided to Mason for the injuries that they suffered as a result of the car accident caused by the Defendant, Basheer.

WHEREFORE the Plaintiff, AUGUSTO MEGLIO, individually and as father and next friend of MASON MEGLIO, pray for judgment against the Defendant, ABDUL BASHEER, in a dollar amount sufficient to meet the jurisdictional requirements of this Court, and to be proven at trial, and such additional amounts as the Court and the jury shall deem proper, together with the costs of this lawsuit.

### COUNT IV – NEGLIGENCE (UBER)

27. Plaintiff restates and re-alleges Paragraphs 1 through 26 as though fully set forth herein.

28. Defendant breached its duty of care to the Plaintiffs by engaging in one or more of the following negligent acts and/or omissions:

a. failed to supervise its drivers, including ABDUL BASHEER, in the operation of their vehicles;

b. failed to train drivers using the UBER driver application not to drive through an intersection when they do not have the right of way;

c. failed to use drivers who would drive through intersections without stopping at the required stop signs;

d. failed to train or instruct drivers, including ABDUL BASHEER, as to safe driving maneuvers;

e. monitor the driving records of the drivers they use for excessive moving violations.

f. Otherwise acted in a negligent, careless, or reckless manner.

29. As a direct and proximate cause of one or more of the negligent acts and/or omissions in paragraphs 27 and 28 above, Plaintiffs sustained injuries of a personal and pecuniary nature.

WHEREFORE the Plaintiffs, AUGUSTO MEGLIO, individually and father and next friend of MASON MEGLIO, a minor, pray for judgment against the Defendant, UBER TECHNOLOGIES, INC., in a dollar amount sufficient to meet the jurisdictional requirements of this court, and to be proven at trial, and such additional amounts as the Court and the jury shall deem proper, together with the costs of this lawsuit.

## COUNT V – PROPERTY DAMAGE (UBER)

30. Plaintiff restates and re-alleges Paragraphs 1 through 28 as though fully set forth herein.

31. As a result of the accident, the vehicle owned and operated by the Plaintiff, sustained damages, which left it beyond repair and the Plaintiff was forced to incur expense and costs for the replacement of said damaged property, and/or the cost and expense for the rental of similar property for the time required to replace the damaged property, and/or its lost use.

32. In addition, as a result of the accident, the Plaintiff, spent money on the vehicle

7

shortly before the accident.

WHEREFORE the Plaintiff, AUGUSTO MEGLIO, individually and as father and next friend of MASON MEGLIO, a minor, pray for judgment against the Defendant, UBER TECHNOLOGIES, INC., in a dollar amount sufficient to meet the jurisdictional requirements of this Court, and to be proven at trial, and such additional amounts as the Court and the jury shall deem proper, together with the costs of this lawsuit.

### COUNT VI – FAMILY EXPENSE ACT (UBER)

33. Plaintiff restates and re-alleges Paragraphs 1 through 31 as though fully set forth herein.

34. At all times relevant, there was in effect an Illinois statute commonly known as the Family Expense Act, codified at 750 ILCS 65/15, wherein the expenses of the family shall be chargeable upon both husband and wife, and either of them, in favor of creditors.

35. Pursuant to the provisions of the Family Expense Act, AUGUSTO MEGLIO, as the father and next friend of MASON MEGLIO, a minor, is liable for the medical care and treatment provided to MASON for the injuries that he suffered as a result of the car accident caused by the Defendant, UBER.

WHEREFORE the Plaintiff, AUGUSTO MEGLIO, individually and as father and next friend of MASON MEGLIO, a minor, pray for judgment against the Defendant, UBER TECHNOLOGIES, INC., in a dollar amount sufficient to meet the jurisdictional requirements of this Court, and to be proven at trial, and such additional amounts as the Court and the jury shall deem proper, together with the costs of this lawsuit.

### COUNT VII – NEGLIGENCE (RASIER, LLC)

36. Plaintiffs restate and reallege Paragraphs 1 through 35 as though fully set forth herein.

37. Defendant Rasier, breached its duty of care to the Plaintiffs by engaging in one or more of the following negligent acts and/or omissions:

   a. failed to adequately check the driving records of defendant, Abdul Basheer, so as to deny him the ability to drive on the UBER app platform; and

   b. permitted and allowed defendant, Abdul Basheer, to drive on the UBER app platform when it knew or should have known that he was unfit as a driver.

   c. Otherwise acted in a negligent, careless, or reckless manner.

38. As a direct and proximate cause of one or more of the negligent acts and/or omissions in paragraphs 36 and 37 above, Plaintiffs sustained injuries of a personal and pecuniary nature.

WHEREFORE the Plaintiffs, AUGUSTO MEGLIO, individually and father and next friend of MASON MEGLIO, a minor, pray for judgment against the Defendant, RASIER, LLC., in a dollar amount sufficient to meet the jurisdictional requirements of this court, and to be proven at trial, and such additional amounts as the Court and the jury shall deem proper, together with the costs of this lawsuit.

## COUNT VIII – PROPERTY DAMAGE (RASIER, LLC)

39. Plaintiffs restate and re-allege Paragraphs 1 through 38 as though fully set forth herein.

40. As a result of the accident, the vehicle owned and operated by the Plaintiff, sustained extensive damage, and was unrepairable, and the Plaintiff was forced to incur the expense of purchasing another vehicle and the cost and expense for the rental of similar property for the time required to replace his damaged property.

41. In addition, Plaintiff, Augusto had just recently spent money on his vehicle.

WHEREFORE the Plaintiff, AUGUSTO MEGLIO, individually and as father and next friend of MASON MEGLIO, a minor, pray for judgment against the Defendant, RASIER, LLC,

in a dollar amount sufficient to meet the jurisdictional requirements of this Court, and to be proven at trial, and such additional amounts as the Court and the jury shall deem proper, together with the costs of this lawsuit.

### COUNT IX – FAMILY EXPENSE ACT (RASIER LLC)

42. Plaintiff restates and re-alleges Paragraphs 1 through 42 as though fully set forth herein.

43. At all times relevant, there was in effect an Illinois statute commonly known as the Family Expense Act, codified at 750 ILCS 65/15, wherein the expenses of the family shall be chargeable upon both husband and wife, and either of them, in favor of creditors.

44. Pursuant to the provisions of the Family Expense Act, AUGUSTO MEGLIO, as the father and next friend of MASON MEGLIO, a minor, is liable for the medical care and treatment provided to MASON for the injuries that he suffered as a result of the car accident caused by the Defendant, RASIER, LLC.

WHEREFORE the Plaintiff, AUGUSTO MEGLIO, individually and as father and next friend of MASON MEGLIO, a minor, pray for judgment against the Defendant, RASIER, LLC., in a dollar amount sufficient to meet the jurisdictional requirements of this Court, and to be proven at trial, and such additional amounts as the Court and the jury shall deem proper, together with the costs of this lawsuit.

Peter A. Cantwell, Esq.  
CANTWELL & CANTWELL  
30 North LaSalle Street, Suite 2850  
Chicago, Illinois 60602  
(312) 372-3000  
peterc@cc-legal.com

By: /s/ *Peter A. Cantwell*  
One of Their Attorneys